# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROMAN PADILLA,

    Petitioner,

v.                                      Civil No. 07-540 MV/RHS

TIMOTHY HATCH, Warden, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before the Court on consideration of Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody ("Petition"), filed May 31, 2007 **[Doc. No. 1]**.  Petitioner Roman Padilla is currently incarcerated and is proceeding *pro se* and *in forma pauperis*.  He is confined pursuant to the Judgment and Order Partially Suspending Sentence of the District Court of Dona Ana County, New Mexico following a guilty plea to fifteen (15) counts of drug-related offenses.  (See Ex. A, attached to Respondents' Answer, filed Jul. 11, 2007 **[Doc. No. 7]**).[1]

    2.  Respondents contend that the Petition is barred by the one year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A).  This provision allows a petitioner one year from the date the judgment becomes final to file an application for writ of habeas corpus pursuant to § 2254.  However, the time during which a petitioner has a properly filed application for state post-conviction review pending is not counted toward the limitation period.  See Hoggro v. Boone, 150 F.3d 1223, 1226

---

[1] All exhibits referenced in this document are attached to Respondents' Answer.

(10th Cir.1998); 28 U.S.C. § 2244(d)(2).

    3. Petitioner's judgment was file-stamped on March 15, 2005. (Ex. A). On March 23, 2005, Petitioner filed a "Motion to Reconsider Sentence," which was denied on April 8, 2005. (Exs. C, D). Petitioner did not pursue a direct appeal. Thus, Petitioner's conviction became final no later than 30 days following entry of the order denying Petitioner's motion for reconsideration, on approximately May 9, 2005. See Fitts v. Williams, 2000 WL 1480494, at *1 (10th Cir. (N.M.) Oct. 06, 2000) (unpublished disposition) (finding that judgment became final on last date when petitioner might have filed a direct appeal of his conviction).[2] Thus, in order to meet the one-year statute of limitations, Petitioner was required to file his federal petition by May 9, 2006.

    4. Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is not timely filed. The instant Petition is file-stamped May 31, 2007. Moreover, even assuming a filing date of November 13, 2006,[3] Petitioner's federal application still exceeds the one year limitations period by more than six months.

    5. Petitioner filed a state habeas petition on February 20, 2007, which was denied on March 14, 2007. (Exs. E, F). His petition for writ of certiorari, filed on April 9, 2007, was

---

[2] Since the petitioner in Fitts did not seek direct review, and "therefore no state court of last resort ruled on his appeal" the Tenth Circuit found that the district court incorrectly included the ninety day period during which petitioner might file a writ of certiorari with the U.S. Supreme Court. At the same time, the Court determined that the time for filing a direct appeal should be included in figuring when the judgment became final.

[3] Petitioner certified that his Petition was placed in the prison mail box on November 13, 2006. (See Petition at 30). "Pursuant to the mailbox rule, a prisoner's papers are considered filed as of the date he delivers them to prison officials for mailing." Hall v. Scott, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)).

denied on April 19, 2007.  (Exs. G, H).  However, because Petitioner did not file his state habeas petition until *after* the AEDPA limitations period had ended, the time it was pending in state court should not be included in tolling the limitations period.  Moreover, even if tolling applied for the time during which the state petition was pending (approximately two months), the federal petition would still be barred as untimely.

6. The one year statute of limitations may be equitably tolled, although only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  Equitable tolling is appropriate "only in rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).  Moreover, Petitioner bears the burden of demonstrating that equitable tolling should apply.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (refusing to apply equitable tolling where the petitioner failed to specify "the steps he took to diligently pursue his federal claims").

7.  Petitioner alleges that he was unaware of the one year limitations period for filing a federal habeas petition set forth in AEDPA.  (See "Response to Respondent's [sic] Answer and Recommendation for Dismissal" at 3 ¶ 3, filed Jul. 18, 2007[4] **[Doc. No. 8]**).  "However, it is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (citations and internal quotation marks omitted); see also Miller, 141 F.3d at 978 (equitable tolling not justified by fact that petitioner simply did not know about AEDPA time limitation).  Petitioner has not

---

[4]Although the file stamp on this document reads "Jul 18 2008," a review of the docket indicates that the document was filed and entered on July 18, 2007.

demonstrated, and the Court does not find, that the equitable tolling provisions of § 2242(d)(2) apply.  Accordingly, federal review of the instant Petition is barred because it is untimely.

### Recommendation

The Court recommends that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody **[Doc. No. 1]** be **denied** and that this civil proceeding be **dismissed** with prejudice on the finding that the Petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of the district court within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE